UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:10-cr-383-T-23TBM

CEIBER IVAN ORDONEZ CASTILLO
_____/

**ORDER**

Ceiber Ivan Ordonez Castillo moves (Doc. 70) "for a writ of audita querela and/or relief from judgment of conviction and sentence pursuant to FRCP Rule 60(b)(4) or 60(b)(6)" and requests the appointment of counsel. Although entitled to a generous interpretation, the motion lacks merit.

In 2010 Castillo was arrested in international water aboard a panga approximately 200 nautical miles southwest of Acajulta, El Salvador, and he pleaded guilty to conspiring to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. In 2011 Castillo was sentenced to one hundred sixty-eight months of imprisonment. (Doc. 62). Castillo filed no direct appeal and no motion to vacate under 28 U.S.C. § 2255. Almost two years later Castillo seeks relief under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). Castillo states (1) that, "the Federal Statute that made it a crime to engage in drug trafficking in another country's territorial waters . . . is

unconstitutional" and (2) that "[u]nder international law and in accordance with the recent ruling from the International Court of Justice (ICJ), nations exercise full sovereignty over waters within 200 nautical miles from their respective coasts. . . . Because the MDLEA, as applied to Petitioner's case, is unconstitutional on account of the fact that he committed the alleged drug offense in the territorial waters of El Salvador, the indictment failed to charge a legitimate offense and creates a jurisdictional defect." Estrada-Obregon is entitled to no relief under *Hurtado*.

Because Castillo asserts claims reviewable under Section 2255, the pending motion lacks merit because a writ of *audita querela* is unavailable to obtain review of claims cognizable under Section 2255. *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005). *See also Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253 (11th Cir. 2004), *aff'd*, 545 U.S. 525 (2005); *United States v. Arevalo*, 368 Fed. App'x 957 (11th Cir. 2010);[1] *United States v. Davis*, 352 Fed. App'x 314 (11th Cir. 2009); *Morales v. Fla. Dep't Corr.*, 346 Fed. App'x 539 (11th Cir. 2009).

Additionally, the pending motion is not permissible under Rule 60(b), Federal Rules of Civil Procedure, because the motion attacks the underlying judgment of conviction and sentence and concerns no defect in an earlier Section 2255 proceeding. As a consequence, the motion is controlled by Section 2255.[2]

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

[2] Title 28 U.S.C. § 2255 is the exclusive remedy for challenging a conviction and sentence unless the remedy is inadequate or ineffective. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th

The motion under Section 2255 is untimely. The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in February, 2011, the limitation expired one year later, in February, 2012. Castillo's motion, filed in December, 2012, is time-barred under Section 2255(f)(1).

A prisoner may acquire a new limitation under Section 2255(f)(3), which provides for starting the limitation on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." *Hurtado* affords Castillo no relief.

First, a new limitation under Section 2255(f)(3) requires the recognition of a new right by the Supreme Court. *Hurtado* is a circuit court decision, not a Supreme Court decision. As a consequence, Castillo cannot benefit from *Hurtado* under Section 2255(f)(3)'s provision for a new limitation.

---

Cir. 2005) (*per curiam*); *Lande v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). A remedy under Section 2255 is not inadequate or ineffective merely because relief is barred by the applicable one-year limitation or because a motion under Section 2255 is successive. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Further, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

Second, *Hurtado* is factually distinguishable. Castillo was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" supports the MDLEA for drug activity that occurs within a foreign country's territorial water. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Castillo because in his plea agreement (Doc. 30, ¶ B.9) Castillo stipulates that his vessel was approximately 200 nautical miles southwest of Acajulta,

- 4 -

El Salvador, which is unquestionably in international water. "International water" is all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). The jurisdictional issue decided in *Hurtado* applies only to the area within a country's territorial water.[3]

Accordingly, Castillo's criminal prosecution is concluded and the motion (Doc. 70) is **DENIED**.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

To the extent that Section 2255 could apply to his motions, Castillo is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Castillo must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred and because he cannot benefit

---

[3] Castillo mischaracterizes the November 19, 2012, ICJ ruling, which decides a dispute between Colombia and Nicaragua concerning certain disputed maritime features. However, that decision does not affect the definition of "international water."

under *Hurtado,* Castillo cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Castillo is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Castillo must pay the full $505 appellate filing fee without installments unless the circuit court allows Castillo to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on January 15, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE